805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. MARTIN, Plaintiff-Appellant,
v.
Richard P. SEITER, Defendant-Appellee.
 No. 86-3203.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1986.
 
 1
 Before LIVELY and MERRITT, Circuit Judges, and TIMBERS, Senior Circuit Judge*.
 
 ORDER
 
 2
 The plaintiff appeals pro se from the district court's order of February 14, 1986 which dismissed his 42 U.S.C. Sec. 1983 complaint. The court's decision followed the defendant's motion for summary judgment. The plaintiff has also filed in conjunction with this appeal a motion for appointment of counsel.
 
 
 3
 The essence of plaintiff's appeal is that he was not afforded adequate due process of law by authorities at the Southern Ohio Correctional Facility prior to being placed in administrative control.
 
 
 4
 The district court found the undisputed factual scenario in this case to be as follows:
 
 
 5
 On August 23, 1982 correctional officers at the Southern Ohio Correctional Facility found a $20 bill underneath the inside sole of plaintiff's shoe during a routine shakedown of prisoners. Plaintiff was charged with possession of contraband. The next day plaintiff pleaded guilty to the charge. The prison's Rules Infraction Board found that plaintiff's action violated a rule and that his conduct in general represented a threat to the security of the institution and inability to adjust in the general population. It therefore recommended that plaintiff be placed in administrative control. Plaintiff appealed; however both the prison's superintendent and the director affirmed the Rules Infraction Board's decision.
 
 
 6
 It is well established that prison authorities have the power to prevent prisoners from possessing currency. Kimble v. Department of Corrections, State of Michigan, 411 F.2d 990 (6th Cir.1969). Thus plaintiff's claim that he was denied due process when his money was confiscated is without merit.
 
 
 7
 The district court correctly held that the due process clause creates no liberty interest in a prisoner remaining in the general population. Hewitt v. Helms, 459 U.S. 460, 461 (1983). However, a liberty interest may arise from the laws of the state. Naegele Outdoor Advertising Co. v. Moulton, 773 F.2d 692, 694 (6th Cir.1985). Ohio has recognized, through statutory regulation, a prisoner's liberty interest in remaining in the general population. In Hewitt, supra, the Supreme Court set forth the following standard of due process to protect a prisoner's liberty interest:
 
 
 8
 We think an informal, nonadversary evidentiary review is sufficient both for the decision that an inmate represents a security threat and the decision to confine an inmate to administrative segregation pending completion of an investigation into misconduct charges against him. An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation.
 
 
 9
 Ordinarily, a written statement by the inmate will accomplish this purpose, although prison administrators may find it more useful to permit oral presentations in cases where they believe a written statement would be ineffective. So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied. Id. at 476.
 
 
 10
 In the instant case plaintiff was informed by the hearing officer that the Rules Infraction Board (RIB) hearing could result in his being placed in administrative control and that he had a right to defend himself before the RIB. Plaintiff waived his right to request witnesses to testify on his behalf at the RIB hearing. The RIB then reviewed plaintiff's institutional record and recommended that he be placed in administrative control. Plaintiff received both oral and written notice of the RIB's decision. Plaintiff was given the opportunity to respond to the RIB's decision and present his views to the prison's superintendent who had the final authority to place him in administrative control. Based on these uncontradicted facts the district court correctly held that prison authorities met the requisite due process standards as enunciated in Hewitt, supra.
 
 
 11
 Plaintiff further argues that the district court incorrectly reviewed administrative regulations that were applied to him retroactively, and therefore unconstitutionally. The administrative regulations to which plaintiff refers, relate to custody status review hearings of prisoners who are in administrative control and to the length of time between such reviews. Apparently while plaintiff was in administrative control, the administrative regulation which granted automatic custody status reviews was repealed and the new regulation was applied to plaintiff's case. Irrespective of the administrative regulations and the district court's analysis thereof, plaintiff's claim is without merit. It is in the prison authorities' broad discretion powers to make such regulatory changes as they deem necessary.
 
 
 12
 The remainder of the issues presented by plaintiff were not first raised in district court; therefore these issues are precluded from being raised on appeal. Michigan Chemical Corp. v. American Home Assurance Co., 728 F.2d 374, 377 (6th Cir.1984).
 
 
 13
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(3). Therefore, the motion for counsel is denied.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation